Filed 2/25/25  P. v. Rodriguez CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

ANTHONY RODRIGUEZ,

     Defendant and Appellant.

A169053

(San Mateo County
Super. Ct. No. 18NF016063A)

**MEMORANDUM OPINION**[1]

Defendant Anthony Rodriguez appeals following a no contest plea and imposition of a 12-year state prison sentence, which included 10 years for a gun-use enhancement under Penal Code section 12022.53.  (All further statutory references are to the Penal Code.)  On appeal from this sentence, he contends the trial court misunderstood the scope of its discretion under amendments to section 12022.53 that allow the court to impose a lesser firearm enhancement, and the case should be remanded for resentencing.  He argues separately that his defense counsel was ineffective at sentencing.  The Attorney General agrees that remand for resentencing is appropriate because the record suggests that the trial court did not understand its full sentencing

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1(1), (2).

1

discretion. We agree with Rodriguez and the Attorney General that the matter should be remanded for resentencing. In light of our holding, we need not reach the arguments about ineffective assistance of counsel.

## BACKGROUND

On June 10, 2022, as part of a negotiated disposition, Rodriguez pleaded no contest to two counts of second degree robbery (§ 212.5, subd. (c); counts 1 and 2) and assault on a police officer (§ 245, subd. (c); count 8), and admitted that he personally used a firearm (§ 12022.53) in connection with count 1. Rodriguez also admitted that each of these counts was a serious felony. The maximum penalty for the charges was 18 years, 8 months; under the negotiated disposition, the agreed-upon maximum sentence was 12 years and the remaining charges in the information would be dismissed.

The issue of the gun enhancement came up at the sentencing hearing on September 1, 2023.[2] At the conclusion of his comments on the appropriate sentence, defense counsel stated, "I think the big push here is to have the Court stay or strike the 12022.53. That opens up a lot of options that I think would be much more appropriate than sentencing him to the top. [¶] And finally, I just want to point out to the Court that prior to this case, the most significant sentence my client's done is a two-year 1170(h) sentence. Other than that, I will submit unless the Court has any questions."

The court did have a question. The trial judge immediately asked, "So in terms of the motion to strike the 12022.53, the Court, as I understand it under present law now, has the option to substitute a 12022.5 as well. Is that correct or no?"

Defense counsel responded, "I don't think so, Your Honor."

---

[2] We discuss only that part of the sentencing hearing pertaining to the gun enhancement.

2

"THE COURT: "Oh, I thought that I did.

"[Defense counsel]: I've never researched that, but I don't think so. I know you can make a 'C' a 'B' and a 'B' an 'A,' but I don't—[3]

"THE COURT: But I don't think I can go to a 12022.5 instead.

"[Defense counsel]: Yes.

"THE COURT: Okay. . . ."

At the conclusion of the sentencing hearing, the trial court decided not to strike the firearm enhancement under section 12022.53. It did not mention section 12022.5 again. Rodriguez was sentenced to the two-year low term for robbery (count 1), an additional 10 years for the gun enhancement under section 12022.53, subdivision (b), a concurrent two-year low term for the second robbery count (count 2), and a concurrent three-year term for the assault on a police officer charge (count 8).

## DISCUSSION

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) If a court acts without awareness of the scope of its discretion, it is deemed to have abused it. (*People v. Tirado* (2022) 12 Cal.5th 688, 694.) As our Supreme Court wrote in *Tirado*, where the court addressed the question whether a trial court that strikes an enhancement under section 12022.53, subdivision (d) may impose a lesser uncharged enhancement under subdivision (b) or (c), "[w]hether the trial court here abused its discretion depends on the scope of that discretion under section 12022.53." (*Ibid.*)

---

[3] Defense counsel was apparently attempting to refer to different subdivisions of section 12022.53.

3

The trial court here had discretion under section 12022.53 to strike the enhancement under section 12022.53, subdivision (b) and to impose a lesser included, uncharged enhancement in the Penal Code *other* than section 12022.53. (*People v. McDavid* (2024) 15 Cal.5th 1015, 1021,1030); see *People v. Fuller* (2022) 83 Cal.App.5th 394, 397 ["under *Tirado*, the sentencing court may impose an uncharged lesser included enhancement under section 12022.5 after striking a greater enhancement under section 12022.53"].)

The parties agree, as do we, that the colloquy between the court and defense counsel we have quoted above shows the trial court was not aware of its discretion to impose a lesser gun enhancement under the section 12022.5 enhancement instead.[4]

On this record, we cannot say the trial court would have imposed the same sentence had it been aware of the full scope of its discretion. The Attorney General agrees,[5] noting the trial court found that Rodriguez was "remorseful" (and "not attaching any weight" to the discussion in the probation report of "any lack of remorse"), that Rodriguez had participated in treatment in 2019 and maintained sobriety for four years, and that he was sentenced to concurrent low terms.

Accordingly, we remand for resentencing. (See *People v. Lynch* (2024) 16 Cal.5th 730, 770-771 [appropriate remedy is remand for resentencing

---

[4] Under section 12022.5, subdivision (a), that would have included a potential three- or four-year enhancement for personal use of a firearm in the commission of a felony, rather than the greater enhancement in section 12022.53.

[5] As the Attorney General concedes, "it cannot be assumed that the court would not have stricken appellant's 10-year gun enhancement and imposed a three- or four-year enhancement instead."

when trial court is not aware of full scope of its discretion, unless record clearly indicates the court would have reached the same decision].

In light of our holding, we need not reach any of Rodriguez's remaining arguments.

## DISPOSITION

The matter is remanded to the trial court for full resentencing. We may direct immediate issuance of the remittitur if the parties so stipulate. (Cal. Rules of Court, rule 8.272(c)(1).)

_____

Miller, J.

WE CONCUR:

_____

Stewart, P.J.

_____

Richman, J.